**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALFONSO CHAVEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*

          Plaintiff,

v.

NEW HOPE BROOKLYN LLC
   d/b/a TEN HOPE, and
WILLIAM ZAFIROS
   a/k/a BILL ZAFIROS,

          Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, ALFONSO CHAVEZ ("Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, NEW HOPE BROOKLYN LLC d/b/a TEN HOPE ("Corporate Defendant"), and WILLIAM ZAFIROS a/k/a BILL ZAFIROS ("Individual Defendant"; and, together with Corporate Defendant, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages,

including overtime, due to timeshaving, (2) unpaid wages, including overtime, due to bounced checks, (3) liquidated damages, and (4) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to timeshaving, (2) unpaid wages, including overtime, due to bounced checks, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff ALFONSO CHAVEZ is a resident of Kings County, New York.

6.  At all relevant times to this action, Defendants have owned and operated a restaurant under the trade name "TEN HOPE" located at 10 Hope St, Brooklyn, New York 11211 (the "Restaurant").

7.  Corporate Defendant, NEW HOPE BROOKLYN LLC d/b/a TEN HOPE, is a domestic business corporation organized under the laws of the State of New York with a principal place of business and an address for service of process located at 10 Hope St, Brooklyn, New York 11211.

8.  Individual Defendant WILLIAM ZAFIROS a/k/a BILL ZAFIROS ("WILLIAM ZAFIROS") is the owner and principal of Corporate Defendant. WILLIAM ZAFIROS exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and

Class members. WILLIAM ZAFIROS had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to WILLIAM ZAFIROS regarding any of the terms of their employment, and WILLIAM ZAFIROS would have the authority to effect any changes to the quality and terms of their employment. WILLIAM ZAFIROS ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. WILLIAM ZAFIROS had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

9. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class members were directly essential to the businesses operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section l6(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, (including but not limited to hosts, waiters, servers, bartenders, barbacks, food runners, bussers, delivery persons, cooks, dishwashers, food preparers, and porters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them: (1) proper wages, including proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to timeshaving, (2) the proper wages, including proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to bounced checks. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

15.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees, (including but not limited to hosts, waiters, servers, bartenders, barbacks, food runners, bussers, delivery persons, cooks, dishwashers, food preparers, and porters) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the title of the

position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

18. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of: (i) failing to pay proper wages, including overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to timeshaving; (ii) failing to pay wages, including overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek due to bounced checks; (iii) failing to provide Class members with proper wage statements with every payment of wages; and (iv) failing to properly provide proper wage notices to Class members, at date of hiring and dates of all wage changes, pursuant to NYLL.

19. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of NYLL;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

   d) Whether Defendant properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

   e) Whether Defendants properly compensated Plaintiff and Class members for all hours worked;

   f) Whether Defendants paid the Plaintiff and Class members the overtime premium for all hours worked in excess of forty (40) each workweek;

   g) Whether Defendants operated their business with a policy of timeshaving in violation of the NYLL;

    h) Whether Defendants provided proper wage notice, at date of hiring and dates of all wage changes thereafter, to Plaintiff and Class members per requirements of the NYLL; and

    i) Whether Defendants provided proper wage statements for each pay period to Plaintiff and Class members, and whether those wage statements properly stated Plaintiff's and Class members' actual hours worked in accordance with NYLL.

## STATEMENT OF FACTS

24. In or around May 2023, Plaintiff was hired by Defendants to work as a cook for the Restaurant. Plaintiff was employed by Defendants until on or about August 6, 2023, when his employment with Defendants ended.

25. Throughout his employment, Plaintiff was compensated at an hourly rate of $29.00. Plaintiff was paid by checks every week. Similarly, FLSA Collective and Class members are paid weekly at similar rates through checks.

26. From the beginning of his employment until in or about July 2023, Plaintiff was regularly scheduled to work from 3:00 p.m. to 11:00 p.m., Wednesday through Sunday, for a total of forty hours (40) hours per week. From in or about July 2023 through the end of his employment, Plaintiff was regularly scheduled to work from 3:00 p.m. to 11:00 p.m., Thursday through Sunday, for a total of thirty-two hours (32) hours per week. Although this was Plaintiff's scheduled shift, Plaintiff was required to stay and work for about thirty (30) minutes to an hour after his scheduled shift on an as-needed basis for approximately two (2) to three (3) times a week, resulting to additional one (1) to three (3) hours per week. Thus, from the start of his employment until in or about July 2023, Plaintiff worked for a total of forty-one (41) to forty-three (43) hours per week;

and from in or about July 2023 to the end of his employment, Plaintiff worked for a total of thirty-three (33) to thirty-five (35) hours per week.

27. Throughout his employment, Plaintiff did not have any free and clear meal breaks, as he was required to work during his meal break. However, Plaintiff was automatically deducted a 30-minute meal break despite being required to work during his meal break. Similarly, FLSA Collective Plaintiffs and Class members were deducted an hour for meal break despite being required to work during their meal break.

28. Throughout his employment, Plaintiff was occasionally required to arrive one (1) hour early, and to work immediately upon arrival without clocking in. Despite being required to work before his scheduled shift, Plaintiff was instructed to clock in at his scheduled start time. Thus, Plaintiff was not compensated for his pre-shift hours. Similarly, FLSA Collective and Class members were occasionally required to work before their scheduled shifts but were not compensated for their pre-shift hours.

29. Additionally, Plaintiff was not compensated at all for his last pay period with Defendants, as the last paycheck he received from Defendants bounced due to insufficient funds. Similarly, FLSA Collective and Class members, who are former employees of Defendants, also received bounced checks for their last paychecks and thus, were not compensated for their last pay period.

30. Plaintiff and Class members did not receive wage statements that were in compliance with NYLL. Plaintiff and Class members received fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation. Because Plaintiff and Class Members were timeshaved, their wage statements did not account for their

actual hours worked before their scheduled shift and during their meal break in violation of the NYLL.

31. Defendants failed to provide Plaintiff and the Class members with wage notices at hiring and at dates of all wage changes thereafter. Plaintiff did not receive wage notices either upon being hired or upon wage changes since the date of hiring, in violation of the NYLL.

32. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. See N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

33. Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of their proper compensation.

34. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in payment of improper wages owed to Plaintiff and Class members. This improper payment caused Plaintiff to struggle to timely pay bills, debts and necessary purchases. Class members similarly struggle to pay debts due to Defendants continued attempt to hide wrongdoing from employees.

35. Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class members regular and overtime wages for all hours worked due Defendants' timeshaving practices.

36. Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs, and the Class members regular and overtime wages for all hours worked due Defendants' practice of issuing bounced checks.

37. Defendants knowingly and willfully failed to provide Plaintiffs and the Class members wage notices at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiffs and the Class members proper wage statements as required under NYLL.

39. Due to Defendants' FLSA and NYLL violations, Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, including overtime, liquidated damages, statutory penalties, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the FLSA and the NYLL.

40. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

41. Plaintiff realleges and reavers all the foregoing allegations of this Class and Collective Action Complaint as if fully set forth herein.

42. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

44. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

45. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to timeshaving.

46. At all relevant times, Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to bounced checks.

47. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (*i.e.*, double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime compensation, plus an equal amount as liquidated damages.

51. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiff realleges and reavers all the foregoing allegations of this Class and Collective Action Complaint as if fully set forth herein.

53. At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

54. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to timeshaving.

55. At all relevant times, Defendants willfully violated Plaintiff's and Class members' rights by failing to pay wages in the lawful amount for all hours worked, including those in excess of forty (40) hours worked each week, due to bounced checks.

56. At all relevant times, Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required by NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they did not accurately state all hours worked, including hours worked pre-shift and during meal breaks.

57. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members with proper wage notices, at date of hiring and at dates of all wage changes thereafter, as required under NYLL.

58. Due to Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime compensation; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by

    law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation, due to timeshaving;

d. An award of unpaid wages, including overtime compensation, due to bounced checks;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to NYLL;

g. An award of statutory penalties as a result of Defendants' failure to comply with NYLL wage notice and wage statement requirements;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a Class Action pursuant to FRCP 23;

k. Designation of Plaintiff as a Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 8, 2024

                                              Respectfully submitted,

                                              By:   */s/ C.K. Lee*
                                                    C.K. Lee, Esq.

                                              LEE LITIGATION GROUP, PLLC
                                              C.K. Lee (CL 4086)
                                              Anne Seelig (AS 3976)
                                              148 West 24th Street, 8th Floor
                                              New York, NY 10011
                                              Tel.: 212-465-1188
                                              Fax: 212-465-1181
                                              *Attorneys for Plaintiff,*
                                              *FLSA Collective Plaintiff, and the Class*